```
 1
 2
 3
 4
 5
 6
 7                      UNITED STATES DISTRICT COURT
 8                    NORTHERN DISTRICT OF CALIFORNIA
 9
10   TECHSAVIES LLC,              )
                                  )
11                                )    No. C10-1213 BZ
              Plaintiff(s),       )
12                                )    ORDER DENYING ADMINISTRATIVE
         v.                       )    MOTIONS TO SEAL DOCUMENTS
13                                )
     WDFA MARKETING INC.,         )
14                                )
              Defendant(s).       )
15                                )
                                  )
16                                )
```

17          Before the Court are the parties' administrative
18   motions to seal documents. (Docket Nos. 51,61,& 64).  First,
19   after filing its motion for summary judgment, defendant moved
20   to seal exhibits that were labeled confidential by plaintiff
21   in accordance with Civil Local Rule 79-5(d). (Docket No. 51).
22   Plaintiff then submitted a response and declaration attempting
23   to establish that the designated information was sealable.
24   (Docket No. 65).  Plaintiff also filed a second administrative
25   motion to seal documents relating to its motion for sanctions.
26   (Docket No. 64).   In both cases plaintiff fails to make the
27   showing as required by Foltz v. State Farm Mut. Auto. Ins.
28   Co., 331 F.3d 1122 (9th Cir. 2003) and Contratto v. Ethicon,

                                    1

1    Inc., 227 F.R.D. 304, 307-08 (N.D. Cal. 2005). (Docket No.
2    65).  Specifically, the fact that information was produced
3    pursuant to a protective order is not by itself a grounds for
4    sealing a public document.  Moreover, some of the efforts to
5    seal information shows a complete disregard for the sealing
6    process.  Rather than following Local Rule 79-5's requirement
7    that sealing requests be narrowly tailored, plaintiff seeks to
8    seal entire documents.  For example, plaintiff attempts to
9    seal multiple pages containing advertising images that do not
10   address or contain any sealable information. (Docket No. 51,
11   Sharp Decl., Ex. C).  This underscores that the plaintiff has
12   not narrowly tailored its request to "seek sealing of only
13   sealable material" as required by Local Rule 79-5(a).  While
14   it is conceivable that there may be information in plaintiff's
15   documents that can be properly sealed, because the plaintiff
16   has not made a good faith effort to narrowly tailor its
17   request, or to justify the need for secrecy in a publicly
18   filed document, the entire requests are **DENIED**.
19       Lastly, plaintiff moves to seal documents related to its
20   opposition to summary judgment. (Docket No. 61).  Plaintiff
21   files this motion under Local Rule 79-5(d) to seal documents
22   designated confidential by defendant. Defendant did not file a
23   declaration claiming that the designated information is
24   sealable as required by 79-5(d).  In fact, defendant's
25   response stated that the documents do not meet the
26
27
28

2

1 | requirements to be sealed under Rule 79-5.[1]  Although third-
2 | party Metro PCS filed a statement in support of sealing, the
3 | documents are not sealable for the reasons discussed above.
4 | Therefore, this request is also **DENIED**.
5 |     **IT IS FURTHER ORDERED** that parties comply with Local Rule
6 | 79-5(e).
7 | Dated: 4 Feb 2011

Bernard Zimmerman
United States Magistrate Judge

---

[1] Accordingly, much time and effort could have been saved had plaintiff properly submitted the motion under Civil L.R. 7-11(a), which requires an administrative motion to contain either a stipulation or a declaration that explains why a stipulation could not be obtained.

3