UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECHSAVIES, LLC,<br><br>            Plaintiff(s),<br><br>      v.<br><br>WDFA MARKETING INC.,<br><br>            Defendant(s). | No. C10-1213 BZ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SANCTIONS** |

Before this Court is plaintiff Techsavies' motion for sanctions against defendant WDFA Marketing. Docket No. 62. For the reasons set forth below, Techsavies' motion is **GRANTED IN PART AND DENIED IN PART.**

The material facts are as follows. On July 12, 2010, Techsavies served its first set of interrogatories, document requests, and requests for admissions on WDFA. Along with objections, WDFA produced approximately 32,000 documents in response on August 20. Five days later, WDFA sent Techsavies a supplemental production of 1,100 documents, and notified

1

Techsavies by letter that its document production was complete.  Motion, Lin Decl. Ex. 7.

Over the next three months, Techsavies informed WDFA multiple times that there were problems with WDFA's discovery responses.  The first notice came on September 2 during the deposition of Abhishek Baherjee, where Techsavies specifically questioned Baherjee regarding the lack of e-mails produced by WDFA.  Motion, Lin Decl. Ex. 8.  The parties then participated in an Early Neutral Evaluation (ENE) on October 19, after which Techsavies complained that WDFA was relying on information it had not disclosed to Techsavies.  Following these discussions, the parties stipulated to a 30-day extension of fact discovery, which I approved.  Id. December 1 became the new deadline for fact discovery.  Docket No. 31.

On November 1, Techsavies served a second document request on WDFA.[1]  Five days later, during a phone conference on a discovery dispute regarding Techsavies' subpoena to MetroPCS, Techsavies again complained about WDFA's incomplete production.[2]  On November 8, Techsavies wrote a detailed letter to WDFA specifically addressing the failure to produce MetroPCS contracts and WDFA's financial information, documents

---

[1] Techsavies claims that the purpose of serving this second request was "to obviate any allegation by WDFA that WDFA did not know what documents Techsavies was seeking."  Motion at 4.

[2] WDFA's letter brief to the Court in connection with this conference asserted that "[s]eparate and apart from the ENE, WDFA has produced all documents and financial information requested by Techsavies."  Docket No. 32.

that were encompassed by Techsavies' earlier requests. Although WDFA received multiple complaints about its potentially incomplete production, the record does not show that WDFA initiated an investigation regarding these concerns.

On November 29, two days before the close of fact discovery, WDFA produced roughly 87,000 documents in response to Techsavies' second request.  Techsavies realized once again that requested documents were still missing and notified WDFA. At this stage, WDFA investigated why relevant documents had not been produced.  Motion, Lin Decl. Ex. 14.  WDFA's counsel learned that several data back-up files from WDFA's computers were never provided to and consequently never searched by its e-discovery vendor.  Id.  These files were subsequently provided to the vendor, and ten days after fact discovery was closed, WDFA produced approximately 120,000 documents that it conceded were in response to Techsavies' first request. Opposition, Kuykendall Decl. Ex. 8 at 3.  On December 17, Techsavies also produced a "4-6 inch stack of papers" that may not have been previously produced.  Opposition, Kuykendall Decl. ¶ 21.  These documents came from five boxes of documents that were found in the basement of WDFA's former office building.  Opposition, Prasad Decl. ¶ 17.  WDFA claims that the documents were not previously produced because WDFA had moved offices and simply forgot about them.  Opposition at 9.

Besides the untimely document productions, WDFA also failed to properly respond to Techsavies' Interrogatory No.
///
///

2.[3]  On August 20, WDFA responded to this interrogatory pursuant to FRCP 33(d).  In early November, Techsavies wrote to WDFA regarding WDFA's deficient interrogatory response and failure to identify any documents despite its earlier reliance on FRCP 33(d).  WDFA did not substantively respond to the interrogatory until December 17.[4]

On December 17, I held a phone conference to address Techsavies' concerns about WDFA's untimely discovery responses.  Docket No. 43.  I allowed Techsavies to choose whether it wanted a three-week discovery extension or leave to file a motion for sanctions.  Techsavies elected to seek sanctions.  It now seeks the following sanctions in its motion:

> (1) establishing that the minimum gross revenues attributable to Project632 are twice the credit card transactions through the site since its inception, given WDFA's failure to produce complete information regarding the co-payments received from MetroPCS;
>
> (2) barring WDFA from offering any evidence of deduction or offset from that figure, given WDFA's failure to produce supporting documentation for those deductions; and

---

[3]  Interrogatory No. 2 asked: "Identify every End User that has used the Project 632 website and provide on a monthly basis all revenue received from each End User for the use of the Project 632 website, and Your gross and net profits derived from said revenue."

[4]  WDFA's "supplemental" response to the interrogatory consisted of an incomplete spreadsheet of revenue, cost, and profit information for sales through the Project632 website.  Motion, Lin Decl. Ex. 19.  WDFA explains that this was a complex interrogatory that required it to work for more than four weeks in preparing a response.  Opposition, Kuykendall Decl. ¶ 6.  That complexity simply underscores that WDFA's earlier Rule 33(d) response was not well founded.  However, Techsavies never moved to compel.

4

1      (3) precluding WDFA and its experts from offering or
       relying on any of the late produced information
2

3      The flow of discoverable information in this case was
4 first disrupted at the time of WDFA's initial disclosures.  At
5 this time, WDFA was required to provide Techsavies with "a
6 description, by category and location — of all documents,
7 electronically stored information, and tangible things that
8 the disclosing party has in its possession, custody, or
9 control and may use to support its claims or defenses. . ."
10 FRCP 26(a)(1)(A)(ii).  WDFA failed to comply with this
11 provision since it did not inspect or identify its data back-
12 up files as a source of electronically stored information.[5]
13 Had WDFA complied with its initial disclosure obligations,
14 WDFA would have realized, even prior to the initiation of
15 discovery, that many relevant documents were saved as data
16 back-up files.  At the same time, Techsavies admitted that it
17 chose not to inspect what WDFA did identify, and is not
18 seeking sanctions for a violation of the initial disclosure
19 rules.

20      FRCP 26(e)(1)(A) requires WDFA to supplement or correct
21 its disclosures and discovery responses in a timely manner if
22 it "learns that in some material respect the disclosure or

---

[5] It is not clear from this record whether the fault lies with counsel or WDFA.  See e.g. Zubulake v. UBS Warburg LLC, 229 F.R.D. 422, 431-33 (S.D.N.Y. 2004); see also The Sedona Conference Working Group, The Sedona Principles: Best Practices Recommendations & Principles for Addressing Electronic Document Production, 125-29 (Jonathan M. Redgrave et al. eds., 2d ed. 2007) (discussing the role of and risks to counsel in preserving and producing electronically stored information).

5

response is incomplete or incorrect. . ."  The Pretrial Scheduling Order (Docket No. 20) warns the parties that a failure to "supplement disclosures or discovery responses pursuant to Rule 26(e) may result in exclusionary sanctions." Techsavies placed WDFA on notice multiple times before fact discovery closed that its responses were inadequate.  This notice raised an affirmative duty on the part of WDFA to investigate.  Yet WDFA, who learned about its incomplete production in September, October, and November, did not investigate and correct its production until after fact discovery closed in December.  This violated WDFA's duty to correct pursuant to FRCP 26(e).

Under FRCP 37(c)(1)(C), the Court may apply the sanctions listed in FRCP 37(b)(2)(A) against WDFA.[6]  Sanctions would only be inappropriate if WDFA established that its conduct was substantially justified or harmless, which I find is not the case.  See Torres v. City of Los Angeles, 548 F.3d 1197, 1213 (9th Cir. 2008).  WDFA has not offered any substantial justification for its many failures and receiving about 75% of the documents produced, at the close of or after the close of discovery, is certainly not harmless.  Nor would WDFA agree to allow Techsavies to conduct late discovery; it would only agree to "discuss specific requests to reopen discovery if

---

[6]  WDFA argues that FRCP 37(c)(1) cannot be the source of sanctions for these alleged discovery violations because WDFA never violated a court order.  The Court disagrees. Putting aside the Court's inherent authority, Chambers v. NASCO, Inc., 501 U.S. 32 (1991), FRCP 37(c)(1) and 26(e) specifically provide that if a party fails to correct its discovery responses such sanctions are available without a prior court order.

6

necessary to address facts raised by recently-produced documents." (Doc. 41, p.2).

The Pretrial Scheduling Order (Docket No. 20) also requires that "[t]hirty days prior to the close of non-expert discovery, lead counsel for each party shall serve and file a certification that all supplementation has been completed." WDFA did not file such a certification.[7] Instead, WDFA improperly produced its late documents[8] as well as its interrogatory response after fact discovery closed and without obtaining leave from the Court. Local Rule 37-3 explicitly requires that "[u]nless otherwise ordered, as used in any order of this Court or in these Local Rules, a 'discovery cut-off' is the date by which all responses to written discovery are due. . ." FRCP 16(b)(4) similarly only allows a party to obtain relief from a "cut-off" date "for good cause and with the judge's consent." Prior to the close of discovery, WDFA's duty to correct was self-effectuating. However, it appears to be an issue of first impression whether a party can correct its discovery responses after the close of discovery without seeking leave of Court. In my opinion, absent an approved stipulation, allowing one party to correct prior discovery responses without seeking leave of Court undermines the Court's ability to control the timely production of documents and assure that discovery issues are resolved in a timely

---

[7] Techsavies did not file a certification either.

[8] This includes the "4-6 inch stack of documents" from the five boxes WDFA found in its previous office and produced to Techsavies on December 17.

fashion so as not to interfere with the impending trial.  See Local Rule 37-3; FRCP 16(b)(4).  Moreover, substantial document production after the close of discovery frequently requires the adjustment of the pretrial and trial schedule to allow the receiving party an opportunity to address the late production.  It would be unfair to allow the party which has failed to make discovery to shift to the innocent party the burden to file a motion to adjust the schedule.  WDFA never sought leave of court, and instead produced 120,000 documents and a substantial interrogatory response after fact discovery was closed, leaving it to Techsavies to deal with the problems WDFA had created in violation of the rules and orders cited above.

Nevertheless, the sanctions Techsavies seeks are too broad.  Granting them would be tantamount to giving Techsavies a directed verdict on many if not all of the damages issues in the case and Techsavies did contribute to these problems.  For example, it admits that it was aware when it received WDFA's initial interrogatory and document responses in August of 2010, that it had not received adequate responses to its request for financial data.  Motion at 3, lines 16-19.  Yet these shortcomings were not brought to my attention until WDFA sought a protective order on Techsavies subpoena to MetroPCS in late October.  Techsavies never moved to compel any discovery.  Discovery disputes should be resolved soon after the problem appears, rather than by exclusionary and sanctions motions filed after discovery has terminated.  Techsavies chose to file this motion for sanctions rather than take

1 advantage of the discovery extension the Court offered.

2 I therefore find that WDFA violated several of its
3 discovery obligations.  However, Techsavies' proposed
4 sanctions go too far, especially in view of its conduct, and
5 the sanctions ordered are more appropriate.  **IT IS THEREFORE**
6 **ORDERED** that Techsavies' motion is **GRANTED IN PART AND DENIED**
7 **IN PART** as follows:

8 1.  WDFA is barred from introducing, either in defense of
9 plaintiff's claims or in support of its counterclaims, any
10 document which it should have produced in response to
11 plaintiff's first set of document requests and which was not
12 produced until after plaintiff filed its second set of
13 document requests.  In connection with their pretrial
14 preparation, the parties are **ORDERED** to meet and confer about
15 this issue.  WDFA shall identify all documents it wishes to
16 introduce.  If Techsavies objects to any document it thinks is
17 barred by this Order, the parties shall try to resolve the
18 objection.  If they cannot, they shall submit their respective
19 positions to the Court as part of the pretrial filings and I
20 will make final rulings at the pretrial conference.

21 2.  WDFA's expert witnesses cannot rely on any document,
22 or information contained in any document, that is precluded by
23 this Order unless WDFA can show that the information on which
24 the witness relied was provided timely to Techsavies in some
25 ///
26 ///
27 ///
28 ///

other form of discovery.

Dated: February 23, 2011

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\TECHSAVIES V. WDFA MKTG\ORDER GRANTING IN PART AND DENYING IN PART SANCTIONS (BR VERSION.2).wpd

10