UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECHSAVIES, LLC,<br><br>　　　　Plaintiff(s),<br><br>　　v.<br><br>WDFA MARKETING INC.,<br><br>　　　　Defendant(s). | No. C10-1213 BZ<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION OF THE DELIVERY ISSUE** |

　　　Before me now is plaintiff Techsavies' motion for summary adjudication (Docket No. 85) that because it did not deliver its copyrighted work, the Collateralizer, to defendant WDFA, Marketing, WDFA does not have an implied license under Asset Marketing Systems, Inc., v. Gagnon. 542 F.3d 748 (9th Cir. 2008).[1]  For the reasons explained below, **IT IS HEREBY ORDERED** that Techsavies' motion is **DENIED**.

---

[1] The parties have consented to the Court's jurisdiction for all proceedings, including entry of final judgment under 28 U.S.C. § 636(c).

1

1   On February 10, 2011, I denied WDFA's motion for summary
2   judgment with respect to Techsavies' copyright infringement
3   claim, finding a genuine dispute regarding whether WDFA was
4   granted an implied license to the Collateralizer.  Docket No.
5   89.  I discussed the element of delivery as part of this
6   Order, even though a determination on whether Techsavies
7   delivered the Collateralizer to WDFA was "not necessary for
8   the purposes" of ruling on WDFA's motion.  Id. at 11.  I
9   explained that unlike Asset Marketing, where the licensor
10  stored the source code of the copyrighted work on the
11  licensee's computers, 542 F.3d at 755-56, the element of
12  delivery was not satisfied in this matter because the record
13  before me showed that Techsavies had always maintained control
14  of the Collateralizer.  Docket No. 89 at 10.

15  WDFA shifts gears to oppose this motion.  It originally
16  sought summary judgment that it met the three part test of
17  Asset Marketing.  Now it claims that Asset Marketing does not
18  control the question of whether it has an implied license;
19  Foad Consulting Group, Inc. v. Musil Govan Azzalino does.  270
20  F.3d 821 (9th Cir. 2001).  In Foad, decided seven years before
21  Asset Marketing, the Ninth Circuit ruled that the creation of
22  an non-exclusive copyright license was a matter of state
23  contract law.  Id. at 831-32.  Foad affirmed a finding that an
24  implied license existed, relying on such evidence as the
25  amount of money the copyright holder had been paid to develop
26  the copyrighted work, that the copyrighted work was created
27  for the specific use to which it was later put by the party
28  who paid for it and that the copyrighted work would have

2

1 little intrinsic value but for that use.  Id. at 828-29.
2 These factors apply here.  It is undisputed that WDFA paid
3 Techsavies a substantial sum of money to create and maintain
4 the software that would allow WDFA to market its product on
5 the internet and that the software was tailored to the
6 MetroPCS contract.  It also appears that the Collateralizer
7 has little if any value apart from this use and that the
8 claimed license would permit WDFA to effectuate its original
9 intent in hiring Techsavies.  Accordingly, if Foad governs, a
10 reasonable jury could find an implied license.

11      As noted above, in its original motion WDFA cited Foad
12 for a somewhat different point and instead argued that Asset
13 Marketing governed the creation of an implied license.  WDFA
14 also revisits Asset Marketing and now points out, and provides
15 supporting evidence, that its employees "frequently" accessed
16 Techsavies' computers, where the Collateralizer was stored,
17 using a password Techsavies provided.  Hilton Declaration at
18 ¶¶ 9-10; see also Prasad Declaration at ¶ 16.  This evidence
19 raises a genuine dispute as to whether the Collateralizer was
20 delivered to WDFA.  If WDFA did have this type of access, this
21 matter becomes more analogous to previous cases that have
22 found delivery.  For instance, Holtzbrinck Publishing
23 Holdings, L.P. v. Vyne Communications, Inc., may have found
24 delivery in part because the licensor had given the licensee
25 password access to the licensor's computer which enabled the
26 licensee to transfer the copyrighted material.  2000 WL 502860
27 at *4 (S.D.N.Y. 2000).

28      In its reply, Techsavies argues that WDFA's evidence

3

1 does not raise a triable issue regarding delivery because it
2 directly contradicts a "binding admission" made by WDFA. In
3 its answer, WDFA admitted the Collateralizer "was within the
4 custody and control of Techsavies." Docket No. 8 at 12. This
5 admission does not conflict with the declarations submitted by
6 WDFA since it is possible for Techsavies to have custody and
7 control of the Collateralizer and at the same time allow WDFA
8 to have password access to it.[2]

9 Techsavies also argues that WDFA's declarants fail to
10 directly testify that WDFA employees accessed the
11 Collateralizer and made changes to it. Reply at 3-4. The
12 issue on this motion is delivery, not infringement. Viewing
13 the somewhat conflicting evidence on this motion in the light
14 most favorable to WDFA, I find that a reasonable jury could
15 conclude from the submitted evidence that WDFA was able to
16 access the Collateralizer by a password that Techsavies
17 provided, an important element in determining whether the
18 Collaterizer was delivered to WDFA.

19 The Ninth Circuit has not resolved the issue of whether
20 Foad or Asset Marketing will govern the creation of an implied
21 license, or the specific question that WDFA poses, which is
22 whether an implied license can exist under Foad even if the
23 Asset Marketing factors are not all met. Given these disputed
24 legal issues and the uncertainties in the evidentiary record,

---

26 [2] Techsavies' argument would be more persuasive if WDFA's counterclaim pled that its employees did not have
27 password access to the Collateralizer and now WDFA was attempting to testify to the polar opposite. But that is not
28 the case here.

4

the issue of whether WDFA had an implied license to use the Collateralizer is best resolved with a full evidentiary record.

For the foregoing reasons, Techsavies' motion for summary adjudication is **DENIED**.

Dated: March 17, 2011

Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\TECHSAVIES V. WDFA MKTG\ORDER DENYING PLAINTIFF'S SJ MOTION (DELIVERY).FINAL RULING.wpd