UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TECHSAVIES, LLC,                     )
                                     )
                                     )     No. C10-1213 BZ
              Plaintiff(s),          )
                                     )
      v.                             )     **ORDER GRANTING IN PART**
                                     )     **AND DENYING IN PART**
WDFA MARKETING INC.,                 )     **PLAINTIFF'S MOTION FOR**
                                     )     **JUDGMENT ON THE PLEADINGS**
                                     )     **AND/OR SUMMARY JUDGMENT**
                                     )
              Defendant(s).          )
                                     )
                                     )
_____)

     Plaintiff Techsavies has moved for judgment on the

pleadings and/or summary judgment against defendant WDFA

Marketing's affirmative defenses and counterclaims.[1]  For the

reasons explained below, **IT IS HEREBY ORDERED** that Techsavies'

motion is **GRANTED IN PART AND DENIED IN PART**.

     To the extent that Techsavies seeks judgment on the

pleadings, the motion is **DENIED** as untimely.  Issues about

---

     [1]     The parties have consented to the Court's
jurisdiction for all proceedings, including entry of final
judgment under 28 U.S.C. § 636(c).

1

1   whether WDFA adequately pled its affirmative defenses and

2   counterclaims should have been raised well before the last day

3   for dispositive motions.   With only two months remaining

4   before trial, WDFA's affirmative defenses and counterclaims

5   will only be dismissed if there is no genuine dispute as to

6   any material fact and summary judgment is appropriate.   FRCP

7   56(a).

8   <u>Copyright Misuse Affirmative Defense</u>

9        WDFA concedes that copyright misuse is not a defense

10  against Techsavies' breach of contract claim.   Opposition at

11  8.   It may, however, be a defense against copyright

12  infringement.[2]   <u>Id.</u>   Accordingly, to the extent that WDFA

13  asserts this defense against Techsavies' breach of contract

14  claim, Techsavies' motion is **GRANTED,** and to the extent that

15  WDFA asserts the defense against Techsavies' copyright

16  infringement claim, it is **DENIED.**

17  <u>Waiver and Estoppel Affirmative Defenses</u>

18       WDFA argues that Techsavies waived its right to sue for

19  copyright infringement when it granted WDFA an implied

20  license to the Collateralizer.   Opposition at 8.   WDFA's

21  estoppel defense is based on its detrimental reliance on

22  Techsavies' false representation that WDFA would own or at

23  least have permission to use the Collateralizer.   Opposition

24

25       [2]   In its reply, Techsavies contends for the first time
     that WDFA's copyright misuse defense fails as a matter of law
26   because it only applies when "plaintiffs commit antitrust
     violations or enter unduly restrictive copyright licensing
27   agreements."   Reply at 3.   Because this was improperly raised
     for the first time in Techsavies' reply, I do not consider the
28   argument.   <u>See</u> <u>U.S. v. Romm</u>, 455 F.3d 990, 997 (9th Cir. 2006).

2

1 | at 9.   I have previously ruled that a genuine dispute remains

2 | regarding whether WDFA had an implied license.[3]   See Docket

3 | No. 89.   Thus, there is a triable issue regarding WDFA's

4 | waiver and estoppel defenses and Techsavies' motion with

5 | respect to these defenses is **DENIED**.

6 | Joint Authorship Affirmative Defense

7 |         The last affirmative defense challenged by Techsavies is

8 | WDFA's assertion that it was the joint author of the

9 | Collateralizer and consequently cannot be held liable for

10 | copyright infringement.   For WDFA to enjoy all the benefits

11 | of joint authorship, it must establish that it made an

12 | independently copyrightable contribution to the

13 | Collateralizer.   Richlin v. Metro-Goldwyn-Mayer Pictures,

14 | Inc., 531 F.3d 962, 968 (9th Cir. 2008)(quotations and

15 | citations omitted).   Techsavies argues that summary judgment

16 | is appropriate because there is no evidence that WDFA

17 | contributed any code that was actually incorporated into the

18 | Collateralizer.

19 |         WDFA, however, has presented some evidence to the

20 | contrary.   Jason Hilton, a managing partner at WDFA,

21 | testified that, at Techsavies' repeated requests, he sent

22 | HTML code to Techsavies so that it could begin the coding

23 | process, distinguishing this case from S.O.S. Inc. v. Payday,

24 | Inc. 886 F.2d 1081 (9th Cir. 1989).   Hilton Declaration at

25 |

26 |         [3]      Techsavies' reply does not argue that WDFA has failed
to present evidence to support these affirmative defenses.
27 | Instead, Techsavies only takes issue with the way these
defenses were pled.   As explained earlier, such a motion for
28 | judgment on the pleadings is untimely.

1     ¶¶ 6, 7.   At the hearing, Techsavies did not dispute that

2 this could constitute an independently copyrightable

3 contribution.   On summary judgment, I am required to view

4 this evidence in a light most favorable to the nonmoving

5 party, including making reasonable inferences, and I cannot

6 weigh conflicting evidence or make credibility

7 determinations.[4]   See T.W. Elec. Serv. v. Pacific Elec.

8 Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir.

9 1987)(citing Matsushita Elec. Indus. Co., Ltd. v. Zenith

10 Radio Corp., 475 U.S. 574, 586 (1986)).   Applying this

11 standard, I find that a reasonable juror could conclude that

12 WDFA provided Techsavies with the requested HTML code and it

13 was incorporated into the Collateralizer.[5]   Techsavies'

14 motion challenging WDFA's joint authorship defense is

15 therefore **DENIED**.

16 Breach of Contract Counterclaim

17     WDFA's counterclaim alleges the parties orally agreed

18 that Techsavies would be hired to help WDFA develop and

19 maintain a website that WDFA would own.   See Docket No. 8 at

20

---

21     [4]   To the extent that Raj Prasad's deposition testimony
contradicts Hilton's testimony or is inconsistent with Prasad's
22 declaration or his deposition corrections, these are
credibility issues that are proper for the jury to determine.
23 Viewing all of WDFA's testimony in the light most favorable to
it, there are disputed issues of fact regarding WDFA's
24 contribution to the Collateralizer which need to be determined
by the jury.
25

26     [5]   Hilton testified that WDFA exercised complete control
over the development of the website, including providing
27 specific instructions regarding the changes that needed to be
made.   Hilton Declaration at ¶ 4.   A reasonable inference based
28 on this evidence and the other evidence submitted by WDFA is
that its HTML code was incorporated into the Collateralizer.

4

1   ¶ 21.   WDFA claims that Techsavies breached this agreement

2   when it later disputed WDFA's ownership of the Collateralizer

3   and demanded exorbitant fees for its continued performance.

4   Id. at ¶ 25.   Techsavies argues that the Copyright Act's

5   statute of frauds, which requires that all agreements

6   transferring ownership of copyrights be in writing, bars the

7   alleged oral agreement for Techsavies to transfer the

8   Collateralizer to WDFA.   Motion at 9 (citing 17 U.S.C. §

9   204(a) and Valente-Kritzer Video v. Pinckney, 881 F.2d 772,

10   774-75 (9th Cir. 1989)).

11       Techsavies' argument is misplaced.   WDFA is not alleging

12   that it entered into an agreement for Techsavies to transfer

13   the copyright to the Collateralizer to WDFA.   Rather, WDFA

14   has presented evidence that before Techsavies copyrighted the

15   Collateralizer, Techsavies breached its agreement to create

16   software that WDFA would own.   Because this is not a dispute

17   about an oral agreement to transfer a copyrighted work, the

18   Copyright Act's statute of frauds does not apply.

19   Techsavies' motion on WDFA's breach of contract claim is

20   therefore **DENIED**.

21   Fraud Counterclaim

22       Techsavies argues that WDFA has no evidence to support

23   its counterclaim for fraud.   WDFA, however, has submitted

24   testimony that supports its claim that Techsavies falsely

25   represented that it would implement and support WDFA's

26   website from which it can be inferred that Techsavies' true

27   intention was to claim that it owned the website's source

28   code.   See Prasad Declaration at ¶¶ 9, 10, 24, 30.   Because

5

1    this raises a triable issue on the fraud claim, Techsavies'

2    motion is **DENIED**.[6]

3    Intentional Interference with Business Relations Counterclaim

4         Techsavies' last challenge is directed at WDFA's third

5    claim for interference with business relations.  The issue

6    regarding this claim is the scope of WDFA's allegations and

7    whether there is any evidence, including evidence of damages,

8    to support these allegations.  The title given to this

9    alleged tort is immaterial.[7]

10        WDFA has presented evidence that Techsavies was aware

11   that WDFA had a business relationship with MetroPCS and that

12   Techsavies interfered with and damaged this relationship when

13   it withheld computerized data that WDFA needed to provide its

14   services to MetroPCS and its franchisees.  Hilton Declaration

15   at ¶ 16.  This conduct affected WDFA's future contracts with

16   MetroPCS as well.  Id.  Hilton also outlined other damages

17   incurred by WDFA due to Techsavies' actions, including

18   increased expenses and lost sales.  See id. at ¶¶ 15-16.

19   Because the above evidence raises a triable issue

20   regarding this claim, summary judgment is inappropriate

21   and Techsavies' motion is **DENIED**.[8]

22   ───────────────

23        [6]   In its reply, Techsavies does not argue that WDFA's
     fraud claim is not supported by the evidence and instead only
     contends that the fraud counterclaim is improperly pled.  Reply
24   at 12.

25        [7]   During the hearing, WDFA clarified that it is not
     suing Techsavies interfering with its relations with its
26   franchisees.

27        [8]   Techsavies argues that the tort of intentional
     interference with prospective economic relations requires that
28   WDFA prove Techsavies' conduct was "wrongful by some legal

6

1    For the foregoing reasons, Techsavies' motion is **GRANTED**

2  **IN PART** and **DENIED IN PART**.[9]

3  Dated: March 17, 2011

4

5    Bernard Zimmerman
   United States Magistrate Judge

6

G:\BZALL\-BZCASES\TECHSAVIES V. WDFA MKTG\ORDER RE PLAINTIFF'S MOTION FOR SJ AND JUDGMENT ON
7  PLEADINGS.3.BZ VERSION(AFTER HEARING).wpd

8

9

10

11

12

13

14

15

16

17

18

19  _____

measure other than the fact of interference itself."  Reply at
20  14.   Techsavies contends that since it owned the
   Collateralizer, it had the right to control its use, including
21  choosing not to provide the computerized data to WDFA.   Id.
   This argument misses the mark.   WDFA alleges that it and not
22  Techsavies is the proper owner of the Collateralizer.
   Accordingly, Techsavies' decision to withhold the computerized
23  data — which it allegedly did not own — would constitute
   wrongful conduct.
24

   [9]    WDFA moved to strike Techsavies' interrogatory
25  responses submitted in connection with Techsavies' reply (Lin
   Declaration, Ex. 21) because they were signed by counsel rather
26  than Techsavies.   Docket No. 106.   Because this ruling does not
   rely on Techsavies' interrogatory responses, WDFA's motion to
27  strike is **DENIED AS MOOT**.   But see Schwarzer, Tashima &
   Wagstaffe, Rutter Group Prac. Guide: Fed. Civ. Pro. Before
28  Trial, ¶¶ 11:1770-71 (The Rutter Group 2009).

7