UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECHSAVIES, LLC,<br><br>　　　　Plaintiff(s),<br><br>　v.<br><br>WDFA MARKETING INC.,<br><br>　　　　Defendant(s). | No. C10-1213 BZ<br><br>ORDER GRANTING IN PART<br>AND DENYING IN PART<br>PLAINTIFF'S MOTION FOR<br>JUDGMENT ON THE PLEADINGS<br>AND/OR SUMMARY JUDGMENT |

Plaintiff Techsavies has moved for judgment on the pleadings and/or summary judgment against defendant WDFA Marketing's affirmative defenses and counterclaims.[1] For the reasons explained below, **IT IS HEREBY ORDERED** that Techsavies' motion is **GRANTED IN PART AND DENIED IN PART**.

To the extent that Techsavies seeks judgment on the pleadings, the motion is **DENIED** as untimely. Issues about

---

[1] The parties have consented to the Court's jurisdiction for all proceedings, including entry of final judgment under 28 U.S.C. § 636(c).

1  whether WDFA adequately pled its affirmative defenses and
2  counterclaims should have been raised well before the last day
3  for dispositive motions. With only two months remaining
4  before trial, WDFA's affirmative defenses and counterclaims
5  will only be dismissed if there is no genuine dispute as to
6  any material fact and summary judgment is appropriate. FRCP
7  56(a).

Copyright Misuse Affirmative Defense

WDFA concedes that copyright misuse is not a defense against Techsavies' breach of contract claim. Opposition at 8. It may, however, be a defense against copyright infringement.[2] Id. Accordingly, to the extent that WDFA asserts this defense against Techsavies' breach of contract claim, Techsavies' motion is **GRANTED,** and to the extent that WDFA asserts the defense against Techsavies' copyright infringement claim, it is **DENIED.**

Waiver and Estoppel Affirmative Defenses

WDFA argues that Techsavies waived its right to sue for copyright infringement when it granted WDFA an implied license to the Collateralizer. Opposition at 8. WDFA's estoppel defense is based on its detrimental reliance on Techsavies' false representation that WDFA would own or at least have permission to use the Collateralizer. Opposition

---

[2] In its reply, Techsavies contends for the first time that WDFA's copyright misuse defense fails as a matter of law because it only applies when "plaintiffs commit antitrust violations or enter unduly restrictive copyright licensing agreements." Reply at 3. Because this was improperly raised for the first time in Techsavies' reply, I do not consider the argument. See U.S. v. Romm, 455 F.3d 990, 997 (9th Cir. 2006).

2

1  at 9.  I have previously ruled that a genuine dispute remains
2  regarding whether WDFA had an implied license.³  See Docket
3  No. 89.  Thus, there is a triable issue regarding WDFA's
4  waiver and estoppel defenses and Techsavies' motion with
5  respect to these defenses is **DENIED**.

6  <u>Joint Authorship Affirmative Defense</u>

7      The last affirmative defense challenged by Techsavies is
8  WDFA's assertion that it was the joint author of the
9  Collateralizer and consequently cannot be held liable for
10 copyright infringement.  For WDFA to enjoy all the benefits
11 of joint authorship, it must establish that it made an
12 independently copyrightable contribution to the
13 Collateralizer.  <u>Richlin v. Metro-Goldwyn-Mayer Pictures,</u>
14 <u>Inc.</u>, 531 F.3d 962, 968 (9th Cir. 2008)(quotations and
15 citations omitted).  Techsavies argues that summary judgment
16 is appropriate because there is no evidence that WDFA
17 contributed any code that was actually incorporated into the
18 Collateralizer.

19     WDFA, however, has presented some evidence to the
20 contrary.  Jason Hilton, a managing partner at WDFA,
21 testified that, at Techsavies' repeated requests, he sent
22 HTML code to Techsavies so that it could begin the coding
23 process, distinguishing this case from <u>S.O.S. Inc. v. Payday,</u>
24 <u>Inc.</u> 886 F.2d 1081 (9th Cir. 1989).  Hilton Declaration at

25 ———————————————————

26     ³    Techsavies' reply does not argue that WDFA has failed
   to present evidence to support these affirmative defenses.
27 Instead, Techsavies only takes issue with the way these
   defenses were pled.  As explained earlier, such a motion for
28 judgment on the pleadings is untimely.

¶¶ 6, 7. At the hearing, Techsavies did not dispute that this could constitute an independently copyrightable contribution. On summary judgment, I am required to view this evidence in a light most favorable to the nonmoving party, including making reasonable inferences, and I cannot weigh conflicting evidence or make credibility determinations.[4] See T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987)(citing Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). Applying this standard, I find that a reasonable juror could conclude that WDFA provided Techsavies with the requested HTML code and it was incorporated into the Collateralizer.[5] Techsavies' motion challenging WDFA's joint authorship defense is therefore **DENIED**.

Breach of Contract Counterclaim

WDFA's counterclaim alleges the parties orally agreed that Techsavies would be hired to help WDFA develop and maintain a website that WDFA would own. See Docket No. 8 at

---

[4] To the extent that Raj Prasad's deposition testimony contradicts Hilton's testimony or is inconsistent with Prasad's declaration or his deposition corrections, these are credibility issues that are proper for the jury to determine. Viewing all of WDFA's testimony in the light most favorable to it, there are disputed issues of fact regarding WDFA's contribution to the Collateralizer which need to be determined by the jury.

[5] Hilton testified that WDFA exercised complete control over the development of the website, including providing specific instructions regarding the changes that needed to be made. Hilton Declaration at ¶ 4. A reasonable inference based on this evidence and the other evidence submitted by WDFA is that its HTML code was incorporated into the Collateralizer.

1  ¶ 21. WDFA claims that Techsavies breached this agreement
2  when it later disputed WDFA's ownership of the Collateralizer
3  and demanded exorbitant fees for its continued performance.
4  Id. at ¶ 25. Techsavies argues that the Copyright Act's
5  statute of frauds, which requires that all agreements
6  transferring ownership of copyrights be in writing, bars the
7  alleged oral agreement for Techsavies to transfer the
8  Collateralizer to WDFA. Motion at 9 (citing 17 U.S.C. §
9  204(a) and Valente-Kritzer Video v. Pinckney, 881 F.2d 772,
10 774-75 (9th Cir. 1989)).

11 Techsavies' argument is misplaced. WDFA is not alleging
12 that it entered into an agreement for Techsavies to transfer
13 the copyright to the Collateralizer to WDFA. Rather, WDFA
14 has presented evidence that before Techsavies copyrighted the
15 Collateralizer, Techsavies breached its agreement to create
16 software that WDFA would own. Because this is not a dispute
17 about an oral agreement to transfer a copyrighted work, the
18 Copyright Act's statute of frauds does not apply.
19 Techsavies' motion on WDFA's breach of contract claim is
20 therefore **DENIED**.

21 Fraud Counterclaim

22 Techsavies argues that WDFA has no evidence to support
23 its counterclaim for fraud. WDFA, however, has submitted
24 testimony that supports its claim that Techsavies falsely
25 represented that it would implement and support WDFA's
26 website from which it can be inferred that Techsavies' true
27 intention was to claim that it owned the website's source
28 code. See Prasad Declaration at ¶¶ 9, 10, 24, 30. Because

5

this raises a triable issue on the fraud claim, Techsavies' motion is **DENIED**.[6]

Intentional Interference with Business Relations Counterclaim

Techsavies' last challenge is directed at WDFA's third claim for interference with business relations. The issue regarding this claim is the scope of WDFA's allegations and whether there is any evidence, including evidence of damages, to support these allegations. The title given to this alleged tort is immaterial.[7]

WDFA has presented evidence that Techsavies was aware that WDFA had a business relationship with MetroPCS and that Techsavies interfered with and damaged this relationship when it withheld computerized data that WDFA needed to provide its services to MetroPCS and its franchisees. Hilton Declaration at ¶ 16. This conduct affected WDFA's future contracts with MetroPCS as well. Id. Hilton also outlined other damages incurred by WDFA due to Techsavies' actions, including increased expenses and lost sales. See id. at ¶¶ 15-16. Because the above evidence raises a triable issue regarding this claim, summary judgment is inappropriate and Techsavies' motion is **DENIED**.[8]

---

[6] In its reply, Techsavies does not argue that WDFA's fraud claim is not supported by the evidence and instead only contends that the fraud counterclaim is improperly pled. Reply at 12.

[7] During the hearing, WDFA clarified that it is not suing Techsavies interfering with its relations with its franchisees.

[8] Techsavies argues that the tort of intentional interference with prospective economic relations requires that WDFA prove Techsavies' conduct was "wrongful by some legal

6

For the foregoing reasons, Techsavies' motion is **GRANTED IN PART** and **DENIED IN PART**.[9]

Dated: March 17, 2011

                                        Bernard Zimmerman
                                  United States Magistrate Judge

G:\BZALL\-BZCASES\TECHSAVIES V. WDFA MKTG\ORDER RE PLAINTIFF'S MOTION FOR SJ AND JUDGMENT ON PLEADINGS.3.BZ VERSION(AFTER HEARING).wpd

---

measure other than the fact of interference itself." Reply at 14. Techsavies contends that since it owned the Collateralizer, it had the right to control its use, including choosing not to provide the computerized data to WDFA. Id. This argument misses the mark. WDFA alleges that it and not Techsavies is the proper owner of the Collateralizer. Accordingly, Techsavies' decision to withhold the computerized data — which it allegedly did not own — would constitute wrongful conduct.

[9] WDFA moved to strike Techsavies' interrogatory responses submitted in connection with Techsavies' reply (Lin Declaration, Ex. 21) because they were signed by counsel rather than Techsavies. Docket No. 106. Because this ruling does not rely on Techsavies' interrogatory responses, WDFA's motion to strike is **DENIED AS MOOT**. But see Schwarzer, Tashima & Wagstaffe, Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial, ¶¶ 11:1770-71 (The Rutter Group 2009).

7